In the Matter of the Claim of AMELIA O'SHAUGHNESSY, Respondent, against TROY ENGINEERING COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and carrier from a decision and award of the Workmen's Compensation Board for death benefits and denying reimbursement to the employer and carrier from the Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law. The only question is whether the employer and carrier are entitled to reimbursement under that section. Deceased employee was a plumber, and while engaged in pulling on a wrench under great pressure, the wrench slipped, striking decedent in the stomach and causing a rupture of a pre-existing gastric ulcer, which resulted in his death the following day. It is unquestioned that the accidental injury superimposed upon his previous condition, caused the death. However, this fact and the exact nature of the pre-existing condition were discovered only upon autopsy. The board has found that prior to his accident decedent did not suffer from any physical disability which rendered him unfit for his regular work as a plumber; that he was not hired as a partially disabled person; that his medical ailment did not reflect itself in any physical disability to perform his work, and that said pathological condition was unknown to his employer. This is the equivalent of finding that he did not suffer from a permanent physical impairment which was or was likely to be a hindrance to his employment, and that the employer had no knowledge of the nature and extent of his previous condition. Such knowledge is necessary to bring the case within the provisions of subdivision 8 of section 15. (*Matter of Zyla* v. *Juilliard & Co.*, 277 App. Div. 604.) Although there is evidence that one of decedent's employers noticed — after his employment but before the accident — that there was something wrong with decedent and that decedent said that he thought he had ulcers, there is no evidence that the employer knew the nature or extent of decedent's ailment or that it had any bearing whatever upon his employment or his continuance in employment. There is evidence to sustain the finding that the case does not come within the provisions of subdivision 8 of section 15 of the Workmen's Compensation Law. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Imrie and Zeller, JJ.